IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRIAN K. COBB and
COBB ENVIRONMENTAL AND
TECHNICAL SERVICES, INC.                                              PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:21-CV-131-MPM-DAS

CAPITAL ONE BANK (US)
NATIONAL ASSOCIATION                                                  DEFENDANT

## ORDER

This cause comes before the court on the motion of Defendant Capitol One Bank National Association ("Capitol One") to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs Brian Cobb and Cobb Environmental and Technical Services ("CETS") have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This motion to dismiss presents the question of what recourse, if any, exists under Mississippi law against a credit card issuer which is alleged to have negligently permitted two employees of plaintiffs' business to charge vast sums of money to their employer's credit card, over a period of years. In their brief in opposition to dismissal, plaintiffs describe the facts of this case as follows:

> Plaintiff Brian Cobb is the president, chief executive officer and chief financial officer of Plaintiff CETS. The Plaintiffs had a business credit card account with Capital One on which Plaintiff Brian Cobb was the only person authorized to make charges. There were no other account holders or authorized users. When the Capital One business credit card account was opened, the Plaintiffs' P.O. Box was assigned as the billing address. Account statements were only supposed to be mailed to the Plaintiffs' P.O. Box. Id. The Plaintiffs never agreed to any change in the billing address for the Capital One business credit card account or in the manner of delivery of the account statements.
> Beginning in approximately November 2016, Capital One negligently allowed two former employees of CETS to take over the Plaintiffs' Capital One business credit card account and fraudulently charge nearly $700,000.00 in personal, non business,

1

>unauthorized charges to the Plaintiffs' Capital One business credit card account from November 2016 to September 2020.
>Capital One negligently failed to notify the Plaintiffs regarding the charging of personal charges to the business credit card. The Defendant never had direct communication with the Plaintiffs at any time during the use of the business credit card account to determine if charges were legitimate. Further, Capital One negligently failed to flag as potential fraud the significant increase in charges being made to the Plaintiffs' business account or the sudden and abrupt change in the nature of charges being made to the Plaintiffs' business account.
>Capital One negligently failed to verify the identity of the two former employees before allowing them to establish and/or change the log in and password for the Plaintiffs' Capital One business credit card account. Capital One also negligently allowed the two former employees to change the delivery of the monthly account statements to an e-mail address not associated with either Plaintiff CETS or Plaintiff Brian Cobb. Further, mailed copies of the monthly account statements were being returned to Capital One as undeliverable, yet the Defendant did not contact the Plaintiffs regarding the undeliverable monthly account statements returned to it.

[Brief at 1-2].

In its reply brief, Capitol One chooses not to engage with plaintiffs regarding the accuracy of these allegations, instead contending that Mississippi law bars the tort claims asserted in the complaint as a matter of law. For their part, plaintiffs appear to express regret over having limited their claims asserted in their complaint to tort claims, instead of asserting contractual or quasi-contractual claims which, it may be argued, should have formed a primary basis for their complaint. Specifically, plaintiffs write that:

>Here, any alleged defects in the Complaint, such as referring to the Plaintiffs' breach claim as one sounding in tort rather than in contract, are curable by amendment. The Plaintiffs are willing and able to amend their Complaint to cure any defects found by the Court.

[Brief at 16]. In response to this offer to amend, Capitol One asserts that it is too late to permit an amendment of the complaint, writing in its reply brief that:

>In the Response, Plaintiffs assert that the deficient negligent claim against Capital One is somehow saved by the existence of a different claim which was not asserted or mentioned in the Complaint in any way. (See Doc. 20, pp. 14–15.) However, as noted [previously], plaintiffs cannot amend the Complaint in response to Capital One's Motion for Judgment on the Pleadings.

> This applies not only to attempts at clarifying facts or adding supporting affidavits, but also to attempts at asserting new claims. *Lee v. Jackson Cty.*, 2015 WL 11117900, at *3 n.3 (S.D. Miss. Sept. 25, 2015) ("The Court cannot and will not consider claims raised in response to [the motion to dismiss]."). Thus, this Court should not consider Plaintiffs' attempts to insert a new breach of contract claim into the Complaint.

[Reply brief at 2].

This court agrees with defendant that it would be improper for plaintiffs to seek to effectively amend their complaint through their *briefing* in response to the motion to dismiss, without first obtaining this court's permission to actually file an amended complaint. In *Lee*, Judge Ozerden rejected attempts by the plaintiffs in that case to raise arguments in their briefing which were inconsistent with the claims which were actually asserted in their complaint, *see Lee*, 2015 WL 11117900 at *3, and this court believes that he was correct in so ruling. As quoted above, however, plaintiffs have requested this court's permission to allow them to actually file an amended complaint in response to certain deficiencies raised in the motion to dismiss, and this is clearly a different matter than seeking to amend their complaint through briefing. This court has permitted plaintiffs to amend their complaints in response to deficiencies raised in a motion to dismiss in many cases, and this is consistent with the Federal Rules of Civil Procedure, which provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

In concluding that justice requires that plaintiffs be allowed to amend their complaint to assert contractual and/or quasi-contracual ones, this court is motivated primarily by the fact that the above-quoted allegations against Capitol One are of such a serious and prolonged nature that it is inclined to allow a jury to consider them. This is assuming, of course, that Mississippi law permits this court to reach such a result, and it does have doubts in this regard as to at least one of

3

the claims raised by plaintiffs. Specifically, after reviewing the parties' briefing on the motion to dismiss, this court tends to agree with defendant that plaintiff's claim for conversion is simply not supported by the facts of this case. In so stating, this court emphasizes that conversion is an intentional tort, and it is skeptical that plaintiffs would be able to prove any misconduct by Capitol One which would give rise to fact issues in this regard. This court believes that plaintiffs would thus be well served by dropping their conversion claim in any amended complaint.

This court is less persuaded by defendant's argument that Mississippi law prohibits a simple negligence claim in this context, since the authority which it cites in its briefing strikes it as being distinguishable. In arguing that a breach of contract claim constitutes plaintiffs' sole potential recourse, Capitol One argues that:

> Plaintiffs' Complaint fails to allege the first element required for a negligence claim – a cognizable duty owed to Plaintiffs by Capital One. Plaintiffs contend that "[a]s one of its customers, the Defendant owed a duty to the Plaintiffs to properly manage and safeguard the Plaintiffs' account from unauthorized takeover." (Compl. ¶ 16.) Importantly, however, "[c]redit card relationships between a creditor and debtor are contractual in nature." Nguyen v. Capital One Bank (USA), N.A., No. 4:13-CV-1140 (CEJ), 2013 WL 4496280, at *3 (E.D. Mo. Aug. 21, 2013). Courts have consistently found that where a plaintiff's negligence claims arise out of a defendant's actions as governed by a contract, plaintiff's negligence claims sound in contract, rather than tort. *See O'hara v. Travelers*, No. 2:11-CV-208-KS-MTP, 2012 WL 3062300 at *14 (S.D. Miss. July 26, 2012) ("As far as the Court can discern from Plaintiff's pleadings, his negligence claim arises from Defendant's alleged failure to pay benefits owed under the policy. Accordingly, the 'negligence' claim sounds in contract, rather than tort") (citations omitted); *see also Willis v. Allstate Ins. Co.*, No. 2:12-CV-60-KS-MTP, 2014 WL 5514160 at *16 (S.D. Miss. Oct. 31, 2014) ("The relationship between the insurer and the insured arises by contract . . . . Therefore, to the extent Plaintiff's negligence-based claim arises from Defendant's failure to fulfill its duties under the policy, it sounds in contract, rather than tort") (citations omitted); *Palmer v. Orkin Exterminating Co., Inc.*, 871 F. Supp. 912, 914 (S.D. Miss. 1994) ("Just as in *Smith*, the negligence which plaintiff attributes to Orkin stems directly from the duties imposed by the contract, not from any duty owed to plaintiff independent of the contract. It must be concluded, then, that Orkin "'merely breached the terms of the contract, the remedies for which are permissibly limited by the contract language itself.'") (citation omitted).

[Brief at 7-8].

In response, plaintiffs cite to certain cases in which negligence claims arising out of the performance of a contract were permitted to go to trial, writing that:

> Capital One contends that it only owes a contractual duty to the Plaintiffs as its customers, rather than also owing a duty sounding in tort. In support, Capital One cites multiple cases involving insurance contracts. However, Capital One is more akin to a bank than an insurance company. When considering whether a bank owed a duty in a negligence claim brought against the bank by a *non-customer*, the Southern District of Mississippi stated that "[t]he almost-universal law in this county is that banks owe a duty of care only to their own customers." *Midwest Feeders, Inc. v. Bank of Franklin,* 114 F. Supp. 3d 419, 428 (S.D. Miss. 2015) (quoting *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 357 (6th Cir. 2014)). See also *Toler v. Litton Loan Servicing,* Civil Action No. 3:05cv167-WHB-JCS, at *13 (S.D. Miss. May. 9, 2006) (claim by customer against bank for negligent handling of loan allowed to proceed to trial).
> Banks therefore do owe non-contractual duties to their customers and can be sued for negligence. The Plaintiffs' Complaint sufficiently alleged such a duty and the other elements of a negligence claim against Capital One for its negligent handling of the Plaintiffs' business credit card account. Therefore, the Court should not dismiss the Plaintiffs' negligence claim.

[Plaintiff's brief at 13]

In reply, defendant contends that plaintiff's own authority is distinguishable, arguing that:

> Plaintiffs then cite to *Toler v. Litton Loan Servicing*, No., 2006 WL 1303129 (S.D. Miss. May 9, 2006) as support. Again, Toler arose out of different facts than what is present here, pertaining to the servicing of a mortgage loan. 2006 WL 1303129, at *1–2. Much of the basis for the plaintiff's claims in that case arose out of alleged misrepresentations and other intentional acts. Further, the plaintiff in that case alleged a claim for breach of contract, separate from any negligent claim that the plaintiff attempted to assert. *Id.* at *3. Importantly, the case did not hold, or even state, that banks owe a general duty to their customers under Mississippi law. Thus, the cases cited by Plaintiffs fail to support their assertion that a general duty was owed by Capital One here.

[Reply brief at 6].

Capitol One thus seeks to distinguish *Tolar* from this case, based on the fact that it "arose out of different facts than what is present here, pertaining to the servicing of a mortgage loan." *Id.* This argument is somewhat ironic, considering that, as quoted above, defendant repeatedly cited cases arising out of *insurance contracts* in its own briefing. It appears that a case arising out of the performance of a contractual loan agreement is closer factually to this one than the

5

insurance cases cited by defendant, and, in *Tolar*, Judge Barbour concluded that claims for "negligent handling of Plaintiff's loan … should survive summary judgment." *Id.* at *5.

Importantly, this court emphasizes that, even in the insurance context relied upon by Capitol One, the Mississippi Supreme Court has, in fact, included negligence claims in the remedies available for wrongful conduct by insurers. Indeed, Judge Kristi Johnson very recently noted that the Mississippi Supreme Court has permitted "limited extracontractual damages when there is failure to pay insurance contracts for no arguable reason but the failure results from negligence." *See Granger on Behalf of Jackson v. Allstate Ins. Co.*, 2022 WL 1734939, at *4 (S.D. Miss. Mar. 29, 2022), *citing Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992). *Veasley* claims seeking attorneys' fees and emotional distress damages resulting from an insurer's negligence are a well-established part of Mississippi law, and this court is not prepared to accept Capitol One's argument that there is a categorical rule against negligence claims arising out of the performance of a contract. This court does agree with defendant, however, that any such negligence claims should have been asserted alongside a breach of contract claim, rather than as a stand-alone tort claim. While it clearly would have been preferable for plaintiffs to have asserted such contractual claims in their original complaint, this court will, as stated previously, grant their requested leave to file an amended complaint in order to remedy this error.

Once this court has before it an amended complaint asserting breach of contract (or quasi-contractual) claims alongside a simple negligence claim, then it will be rather strongly inclined to allow such claims to go before a jury. In so stating, this court reiterates its belief that claims that Capitol One allowed almost $700,000 in unauthorized credit card charges over a period of nearly four years to be incurred by plaintiff's rogue employees are facts which are worthy of

consideration at trial. In the court's view, this constitutes such a massive and sustained misuse of defendant's credit cards that it is difficult to see how no fact issues could exist regarding whether Capitol One was at least negligent in allowing it to continue.

Having said that, this court believes that a jury may also view with skepticism plaintiffs' arguments that they had no reason to suspect that a massive fraud was taking place in their company. Plaintiffs insist that their rogue employees went to great lengths to conceal their actions, and it strikes this court that the question of what a particular individual knew or should have known under a particular set of circumstances is one which jurors are uniquely well suited to answer. While a jury may eventually determine that Capitol One's actions in this case were appropriate, it seems quite unlikely that this court would decide that no triable fact issues exist in this regard. This court further believes that allegations such as those raised in the complaint might well cause a reasonable credit card issuer to consider whether it should bear at least some responsibility for what transpired in this case. This court therefore recommends that the parties explore their settlement options in this case, and, in doing so, they should consider how their respective arguments would play before a jury, since jurors will, barring settlement, likely be called upon to resolve this matter.

In light of the foregoing, it is ordered that defendant's motion to dismiss is dismissed without prejudice, and plaintiffs are hereby granted leave to file an amended complaint.

This, the 14th day of September, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI